## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

DAVID COPELAND-JACKSON
2542 Naylor Road SE #20
Washington, D.C.  20020

        Plaintiff,

vs.

IRV OSLIN
Ashland Times-Gazette
40 East 2nd Street
Ashland, Ohio 44805

    and

DIX COMMUNICATIONS
212 East Liberty
Wooster, Ohio  44691,

       Defendants.

CASE NO.:

JUDGE:

**NOTICE OF REMOVAL
OF CIVIL ACTION**

---

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Irv Oslin and Dix Communications ("Defendants") hereby remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia based on the following:

1.    On or about March 7, 2008, Plaintiff David Copeland-Jackson filed a Complaint For Defamation, Negligence, False Light, Invasion of Privacy, and Infliction of Emotional Distress ("the Complaint") in the Superior Court of the District of Columbia, captioned *David Copeland-Jackson v. Irv Oslin and DIX Communications* and bearing case number 0002000-08 of that Court.  Defendants were served with the Summons and Complaint on March 11,

2008. This was the date upon which Defendants first learned, by service or otherwise, of Plaintiff's lawsuit. Copies of the Summons and Complaint served upon Defendant are attached hereto as Exhibit A.

2.     Plaintiff's Complaint contains multiple causes of action stemming from the publication of articles in an Ohio newspaper, the Ashland Times Gazette.

3.     As Plaintiff's Complaint acknowledges, at all relevant times and continuing to the present date, Defendant Irv Oslin is an Ohio resident, and Defendant Dix Communications is an Ohio business with its principal place of business in Ohio. (Complaint, ¶ 1.) Plaintiff's stated address on the Complaint is Washington D.C. There is therefore complete diversity between the Plaintiff and Defendants.

4.     The total purported value of Plaintiff's requested relief and damages exceed the jurisdictional maximum. Plaintiff requests judgment for "$74,999.99, plus interest, costs, and attorney's fees" and "any other relief that he may be entitled to at law and equity." (Complaint, ¶ 20.) Defendants reasonably and intelligently believe that if Plaintiff were to prove the claims asserted, the "other relief" that Plaintiff has demanded, such as punitive damages, means that the relief and damages requested by Plaintiff exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.     Furthermore, Plaintiff's request for $74,999.99 appears to be a bad faith attempt to limit Defendants' statutory right of removal. As explained in this Court's Order and earlier Judgment Entry in the case of *David Copland-Jackson v. Joseph P. Cutlip*, U.S.D.C., D.C., Civ. No. 07-01124(ESH), attached as Exhibits B and C, Plaintiff is currently being investigated by the Federal Bureau of Investigation for fraudulently procuring a $3,000,000.00 default judgment against another defendant based on nearly identical claims predicated on an alleged

2

statement about Copeland-Jackson's sexual conduct made by the defendant Cutlip to third persons. It is disingenuous and evidence of Plaintiff's scheme to avoid this Court's jurisdiction for Plaintiff to now claim that similar statements about the same series of sexual incidents involving defendant Cutlip (among others), which were published in a newspaper, are only worth $74,999.99. Copies of the articles about which Plaintiff complains, which Plaintiff did not attach to his Complaint, are attached hereto as Exhibits D, E and F.

6.     Based on the facts set forth above, this Court has jurisdiction over this civil action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.     This Notice of Removal is filed within thirty (30) days after Defendants first learned, by service of the Summons and Complaint or otherwise, of Plaintiffs' lawsuit. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

8.     The United States District Court for the District of Columbia is the proper court in which to remove this action to under 28 U.S.C. § 1446(a) because this district embraces the place in which the removed action was pending.

9.     By filing this Notice of Removal, Defendants do not waive any of their affirmative defenses, including, but not limited to, their right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

10.     Written notice of the filing of this Notice of Removal will promptly be served on all other parties as required by 28 U.S.C. §1446(d), and defendants will promptly file a copy of this Notice of Removal with the Clerk of Courts for Superior Court of the District of Columbia as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendants hereby remove this civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

MARK I. BAILEN (459623)
BAKER & HOSTETLER, LLP
1050 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: *mbailen@bakerlaw.com*

LOUIS A. COLOMBO (0025711)
MELISSA A. DeGAETANO (0080567)
BAKER & HOSTETLER, LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

Counsel for Defendants

## CERTIFICATE OF SERVICE

A copy of the foregoing **Notice of Removal of Civil Action** was served by regular U.S.

mail this 31st day of March upon the following:

David Copeland-Jackson
2542 Naylor Road SE #2()
Washington, D.C. 20020

Plaintiff

MARK I. BAILEN (459623)
BAKER & HOSTETLER, LLP
1050 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: *mbailen@bakerlaw.com*

Attorney for Defendants

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David Copeland-Jackson | Irv Oslin<br>Dix Communications |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dist. of Columbia<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Ashland, Ohio<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro se<br>David Copeland-Jackson<br>2542 Naylor Road, S.E., #20<br>Washington, D.C. 20020<br>(202) 460-2567 | Mark Bailen<br>Baker & Hostetler LLP<br>1050 Connecticut Ave., N.W., Suite 1100<br>Washington, D.C. 20036<br>(202) 861-1715 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

⊗ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ⊙ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**⊗ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☒ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
   Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**    **OR**    **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
   defendant
☐ 871 IRS-Third Party 26
   USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
   of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
   Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
   Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
   Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
   Exchange
☐ 875 Customer Challenge 12 USC
   3410
☐ 900 Appeal of fee determination
   under equal access to Justice
☐ 950 Constitutionality of State
   Statutes
☐ 890 Other Statutory Actions (if
   not administrative agency
   review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defamation, Diversity of Citizenship 28 U.S.C. §1332

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $74,999.99, plus interest, costs, attorneys fees and other relief   Check YES only if demanded in complaint   JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 3-31-08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

David Copeland-Jackson
2547 Naylor Road SE #201
WDC 20020                *Plaintiff*

vs.                                    Civil Action No.  0002000-08

Dix Communications
318 East Liberty
Wooster, Ohio 44691          *Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David Copeland-Jackson
Name of Plaintiff's Attorney

2547 Naylor Road SE #201
Address
WDC 20020

2/460-2562
Telephone

*Clerk of the Court*

By _____
                Deputy Clerk

Date  3/7/08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.          Exhibit A

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Claims Branch

David Copeland-Jackson
2542 Naylor Road Southeast
Apartment 201
Washington, D.C. 20020

      Plaintiff,

0002000-08

vs.               Case Number:_____

Irv Oslin
Ashland Times-Gazette
40 East 2ed Street
Ashland, Ohio 44805

And

Dix Communications
212 East Liberty
Wooster, Ohio 44691

      Defendants.

### Complaint

1. The Superior Court for the District of Columbia has jurisdiction over this suit wherein the plaintiff resides and permanently domiciles in Washington, D.C., and, though the defendants reside in Ohio, they caused publication and publicity of libelous material to put on the internet's world wide web, which caused direct injury to the plaintiff here in Washington.

2. The Dix Communications website (www.dixcom.com) owns the Ashland Times Gazette newspaper and operates the website (www.times-gazette.com).

3. In the year 2000, Mr. Jackson was convicted of violating section 2907.05 (A)(5) of the Ohio Revised Code, gross sexual imposition, felonies of the fourth degree. Mr. Jackson has always denied committing the alleged offenses. Mr. Jackson is a Black man, and was 27 and in graduate school in Ohio at the time. Mr. Jackson's accusers were white boys, and were 14 and 13 years old, respectively.

4. This court does not sit in habeas corpus, post-conviction relief, civil rights, or other review proceedings. Mr. Jackson has not brought this action in order to revisit his year 2000 criminal case.

5. Irv Oslin deliberately wrote newspaper articles concerning Mr. Jackson in the years 2000, 2001, 2002, 2003, 2004 wherein Oslin intentionally skewed and distorted the facts of Mr. Jackson's cases, contrary to and notwithstanding the truth and the public record. Mr. Jackson even received anonymous letters due to the articles. The recent incidents in the year 2008 clearly continue, demonstrate and establish the defendants' animus toward Mr. Jackson.

6. Despite Mr. Jackson's consistent and firm denial that he did not commit the alleged acts underlying his criminal record, the defendants wrote and published their statements in such a way so as to give the reader the firm idea that Mr. Jackson did in fact have sexual contact with his minor accusers. The defendants went beyond simply reporting the facts of the court case according to the public record, and recklessly and negligently published material designed to put Mr. Jackson in false light notwithstanding their duty to confirm the facts before they publish them.

7. On January 29, 2008, the defendants publicized a news article, wherein they called Mr. Jackson, a "convicted pedophile." The defendants repeated this action on February 21, 2008 and again, on February 27, 2008. Irv Oslin authored these articles.

8. Mr. Jackson was not convicted of "pedophilia." Mr. Jackson states that the term "pedophilia" is not a legal term and not codified in statutory language. He further states that calling someone a "pedophile" is not privileged or protected speech.

9. Mr. Jackson states that "pedophilia" has been determined by the American Psychological Association to be a mental/personality disorder. The *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV)* published by the American Psychological Association defines pedophilia as a pathological, mental health disorder involving "recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or under 13 years old."

10. Many view pedophilia as a disease for which there is no cure, and many view pedophiles as a constant threat to public safety. A pedophile is also perceived as being odious and infamous. The defendants deliberately called Mr. Jackson a "convicted pedophile" in order to lower Mr. Jackson in the estimation of the community or to deter third persons from associating or dealing with Mr. Jackson.

11. The D.C. Court Services & Supervision Agency (CSOSA) has administered Mr. Jackson's post-release supervision since May of 2004, and will terminate supervision this summer. Mr. Jackson submitted to a battery of clinical interviews

and tests regarding the alleged offenses as part of CSOSA's assessments and criminal risk/"threat to public safety" determination. Mr. Jackson did not present with any clinical indicators. CSOSA then administered polygraphs to Mr. Jackson regarding the alleged offenses and Mr. Jackson's present conduct while under the supervision of the agency. Mr. Jackson passed the polygraph indicating that he did not commit the alleged offenses initially. Based on those results, CSOSA released Mr. Jackson from any kind of sex offender treatment. Mr. Jackson also passed all of his CSOSA maintenance polygraphs indicating that he was not presently involved in activities with minors or sexual deviance. And, based on those results, CSOSA administers Mr. Jackson's post-release supervision on the least possible restrictive level.

12. Mr. Jackson has no previous or subsequent convictions. Mr. Jackson is in compliance with his supervision requirements.

13. Mr. Jackson has no recurrent sexual involvement of any kind with or involving any person under 18 years old. Mr. Jackson never has had any sexual involvement of any kind with a person under 18 years old, at any time- in any place.

14. The defendants cannot produce any evidence at all to establish the truthfulness of their claim that Mr. Jackson suffers from pedophilia or is a "convicted pedophile."

15. Mr. Jackson entered his own name in the Google internet search engine on January 30, 2008 and the first entry in the results listed the defendants' January 29 article wherein the defendants' called Mr. Jackson a "convicted pedophile". This action produced the same results on the MSN, Netscape/AOL, Webcrawler, and Yahoo. These five search engines are the most popular ones on the internet and were used by the defendants to expose the entire planet to their publication that Mr. Jackson is a "convicted pedophile."

16. Mr. Jackson is employed as a consultant, process server, mediator and legal investigator in Washington, D.C., Virginia, and Maryland. One of Mr. Jackson's past clients terminated a potential employment opportunity due to the defendant's libelous 2008 publications.

17. Irv Oslin caused injury to Mr. Jackson's personal reputation.

18. Mr. Jackson has suffered stress, depression, chest pains, fear of going out in public, anxiety, loss of appetite, insomnia and nightmares, migraines, cognitive dissonance, fear of loss of livelihood, and loss of status/social isolation due to Irv Oslin's new wave of false publications.

19. The defendants are liable to Mr. Jackson for libel and libel per se; negligence; false light; invasion of privacy; and, infliction of emotional distress.

20. Plaintiff demands judgment against the defendants for seventy-four thousand nine hundred ninety-nine dollars and ninety-nine cents ($74,999.99), plus interest, costs, and attorney's fees as allowed by law. Plaintiff requests any other relief that he may be entitled to at law and equity.

Respectfully Submitted,

David Copeland-Jackson
Plaintiff

I certify under the penalty of perjury that the foregoing statements are true and accurate.

David Copeland-Jackson
Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

AUG 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| DAVID COPELAND-JACKSON, | ) |
| Plaintiff, | ) |
| v. | )    Civil Action No. 07-01124 (ESH) |
| JOSEPH P. CUTLIP, | ) |
| Defendant. | ) |

## JUDGMENT

Default was entered in this case by the Clerk of Court on July 26, 2007. Since that time, plaintiff has moved to amend his complaint for defamation [Dkt. 15] to add claims for fraud, civil conspiracy, and false light. In addition, defendant has filed a "Statement about Defaults" [Dkt. 16] admitting that he lied about the plaintiff, agreeing to plaintiff's request to amend the complaint, and indicating that he did not intend to "fight[] the lawsuit."

In response, on August 2, 2007, the Court set this matter down for an evidentiary hearing on the issue of damages. Following this Order, defendant filed a "Consent to Judgment and Damages" [Dkt. 19], which has been accepted by plaintiff [Dkt. 18]. In his consent, defendant again admits liability, waives the right to be present at a hearing, submits to the Court's jurisdiction, and "consent[s] to judgment on the plaintiff's claims and terms and . . . agree[s] to pay the costs incurred and the damages demanded with the interest."

Given defendant's consent to judgment and to damages, which plaintiff has accepted, the Court enters judgment pursuant to Fed. R. Civ. P. 68 in the amount of three million dollars

Exhibit B

($3,000,000.00), plus post judgment interest, for defamation, false light, civil conspiracy, and

fraud.  It is further ordered that the hearing now set for August 16, 2007, is vacated and all

pending motions are denied as moot.[1]

*Ellen S Huvelle*
_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 8, 2007

---

[1]Contrary to plaintiff's request, the Court does not make findings of fact where there is a
default and judgment entered under Rule 68.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID COPELAND-JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-01124 (ESH) |
| | ) | |
| JOSEPH P. CUTLIP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Strike [Dkt. # 25]. As fully explained by the Court on the record at a hearing on August 16, 2007, this case has been administratively closed pending an investigation that is now being conducted, at the Court's request, by the Federal Bureau of Investigation. This investigation was requested to determine if a consent judgment against the defendant in this case was fraudulently procured by the plaintiff or his associates. Therefore, the Court is unwilling to strike any papers that have been filed with the Court, and no further pleadings are to be filed in this case.[1]

---

[1] It is also worth noting that plaintiff entered a nolo plea on June 16, 2000, to two counts of "gross sexual imposition" involving two teenagers, including the defendant herein, served three years in jail and is now under parole supervision in this jurisdiction. His conviction was affirmed by the Ohio State Court on March 26, 2001. *See State v. Copeland-Jackson*, No. 00COA01378, 2001 WL 310635, at *3 (Ohio Ct. App. Mar. 26, 2001). Copeland-Jackson's later attempts to withdraw his plea were also rejected by the Ohio courts. *See State v. Copeland-Jackson*, No. 02COA018, 2003 WL 855578, at *3 (Ohio Ct. App. Mar. 5, 2003).

In addition, any alleged defamatory remarks regarding these events by defendant, an Ohio resident, were made in Ohio in early May 2007. Given these facts, it is highly doubtful that plaintiff can state a valid claim of defamation or that this Court would have jurisdiction. However, during the pendency of the FBI's investigation, these matters need not and will not be addressed.

Exhibit C

Accordingly, plaintiff's Motion to Strike is **DENIED**.

**SO ORDERED.**

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 13, 2007

-2-

ASHLAND TIMES-GAZETTE

TUESDAY JANUARY 29, 2008

# Mansfield man rejects plea in pedophile-related case

**By IRV OSLIN**
**T-G Staff Writer**

A Mansfield man with ties to convicted pedophile David Copeland-Jackson declined to accept a negotiated plea agreement Monday in Common Pleas Court.

Peter J. Brandel was scheduled to plead guilty to a complaint charging him with forgery and unauthorized practice of law.

Brandel, 69, allegedly cre-ated a fraudulent affidavit in the name of one of Copeland-Jackson's victims. He also is charged with misrepresenting himself as being authorized to practice law.

The offenses allegedly occurred between May 8 and May 21, 2007.

Brandel refused to plead guilty to the second count.

Prosecutor Ramona Francesconi-Rogers then withdrew the plea agreement offer.

"This has been a rather long investigation by federal authorities and my office," she told the court.

Francesconi-Rogers said she had offered the plea agreement in lieu of taking the case to the grand jury and introducing "a host of other things."

Common Pleas Judge Deborah E. Woodward granted her request to dismiss the complaint.

Francesconi-Rogers said she plans to present the case to the grand jury.

The victim named in the complaint was 13 years old when Copeland-Jackson engaged in sexual activities with him and another 13-year-old boy.

In July 2000, Copeland-Jackson was sentenced in Common Pleas Court to three years in prison on two counts of gross sexual imposition.

Turn to **REJECTS**, page A8

## Copeland-Jackson released in '04

### REJECTS
Continued from page A1

Copeland-Jackson, 34, originally is from the Washington, D.C. area. At the time the offenses were committed, he was studying at Ashland Theological Seminary and working with youth at Glenwood Christian Academy on Cottage Street. He was dismissed from the seminary when the allegations surfaced and the academy since has disbanded.

Copeland-Jackson was released from prison in 2004 and placed on five years parole. He eventually moved back to Washington, D.C., and his parole was transferred to that jurisdiction.

While in prison, Copeland-Jackson continually filed motions in Common Pleas Court and lawsuits against his attorneys. All his filings were dismissed for lack of merit.

■ Irv Oslin can be reached at 419-281-0581 ext. 240 or at ioslin@times-gazette.com.

Exhibit D

THURSDAY FEBRUARY 21, 2008

ASHLAND TIMES-GAZETTE

# Bond set at $10,000 for Mansfield man

**By IRV OSLIN**
**T-G Staff Writer**

A Mansfield man has been charged with helping a convicted pedophile harass a sexual assault victim.

Peter J. Brandel appeared in Common Pleas Court Wednesday to face charges of retaliation, intimidating a witness, forgery and use of a sham legal process. His bond was set at $10,000.



**Brandel**

Brandel, 69, allegedly tricked the victim into signing a blank document, which he later attached to affidavits without the victim's knowledge.

The affidavits, which Brandel later represented to be signed by the victim, recanted testimony that the victim was sexually molested by David Copeland-Jackson.

Copeland-Jackson, 34, was convicted seven years ago of engaging in sexual activities with the victim and another boy. The boys, both Ashland residents, were 13 years old at the time. Copeland-Jackson was sentenced to three years in prison.

He still is under post-release control and living in the Washington, D.C. area.

The allegedly fraudulent affidavits were used against one of the victims in Mansfield Municipal Court and again in a $3 million civil suit, which Copeland-Jackson filed against the victim in federal court in the District of Columbia.

Both lawsuits have been thrown out of court. Copeland-Jackson has appealed the ruling to dismiss the Washington case, according to Prosecutor Ramona Francesconi-Rogers.

Earlier this year, Francesconi-Rogers charged Brandel with forgery and unauthorized practice of law. On Jan. 28, he declined to plead to a bill of information unless the latter charge was dismissed.

Francesconi-Rogers asked that those charges be dismissed and presented the case to the February grand jury. The grand jury returned a six-count indictment, charging Brandel with two counts of retaliation, two counts of forgery, intimidating a witness and use of a sham legal process.

Run consecutively, the charges carry a maximum sentence of 22 years in prison.

Francesconi-Rogers referred to Brandel's actions as part of an ongoing pattern by him and Copeland-Jackson to harass one of Copeland-Jackson's victims.

"This is really about abusing someone who has already been victimized by a crime," she said.

Common Pleas Judge Deborah E. Woodward granted her request to prohibit Brandel from having contact with the victims or Copeland-Jackson while the case is pending.

Brandel, a paralegal, also is barred from engaging in legal work of any kind without written permission of the court.

Woodward scheduled Brandel for arraignment 1:15 p.m. Monday.

There is a pending federal investigation into Copeland-Jackson's activities, according to Francesconi-Rogers.

■ Irv Oslin can be reached at 419-281-0581 ext. 240 or at ioslin@ times-gazette.com.

Exhibit E

ASHLAND TIMES-GAZETTE

WEDNESDAY FEBRUARY 27, 2008 **A3**

# Man charged with helping pedophile harass victim pleads not guilty Monday

**By IRV OSLIN**
**T-G Staff Writer**

Not guilty pleas were entered Monday on behalf of a Mansfield man charged with helping convicted pedophile David Copeland-Jackson harass a sexual assault victim.



Peter J. Brandel, 69, appeared for arraignment on charges of retaliation, intimidating a victim, forgery and use of a sham legal process.

**Brandel**

Brandel allegedly tricked one of Copeland-Jackson's victims into signing a blank document, which he later attached to affidavits without the victim's knowledge. The affidavits, which Brandel allegedly represented to be signed by the victim, recanted testimony that the victim was sexually molested eight years ago by David Copeland-Jackson.

They were used in civil cases in Mansfield Municipal Court and in a $3 million lawsuit that Copeland-Jackson filed against the victim in a federal court in the District of Columbia.

Both cases have been dismissed.

At Monday's arraignment hearing, Common Pleas Judge Deborah E. Woodward appointed Wooster attorney David Knowlton to represent Brandel.

Brandel remains free on $10,000 bond.

If convicted as charged, he would face a maximum of 22 years in prison.

Copeland-Jackson reportedly is under federal investigation for his alleged involvement in the harassment of the victim. He is on post-release control and living in Washington, D.C.

Copeland-Jackson was sentenced in July 2000 to three years in prison for engaging in sexual activities with two 13-year-old Ashland boys.

He reportedly has appealed the dismissal of the federal lawsuit.

■ Irv Oslin can be reached at 419-281-0581 ext. 240 or at ioslin@ times-gazette.com.

Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_David Copeland-Jackson_

Plaintiff

v.

Civil Action No.    **08 0558**

**MAR 3 1 2008**

_Irv Oslin, et al_

Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **ELLEN SEGAL HUVELLE, ESH** Counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Vergne_
Deputy Clerk

cc: _David Copeland-Jackson_

929A
Rev. 7/02