# United States District Court
Washington, District of Columbia

David Copeland-Jackson,
    Plaintiff,

vs.   Case Number: 1:08-cv-00558

Irv Oslin, et. al.,   Ellen S. Huvelle, Judge
    Defendants.

## Motion for Remand

Plaintiff moves this Court to remand this case back to the Superior Court for the District of Columbia without delay. Plaintiff has reviewed the defendants' Notice of Removal of Civil Action.

Plaintiff filed a complaint against the defendants for libel and libel, per se, and negligence, false light, invasion of privacy, and infliction of emotional distress (see paragraph 19 of the plaintiff's complaint). The entire lawsuit stems from the defendants' publications on January 29, February 21, and February 27, 2008 wherein the defendants called the plaintiff, a "pedophile." The lawsuit is not at all about litigating the plaintiff's criminal case back in 2000 or his civil case against his accuser that was filed in this court in 2007. This entire case is limited and swings on whether Irv Oslin may call the plaintiff a "pedophile" in the three 2008 articles without penalty and without putting forth any evidence to establish the truth of his claim that the plaintiff is a "pedophile". That's the bottom line here.

The parties are presently in different states. However, the amount in controversy does not exceed $75000, exclusive of interest and costs.

RECEIVED
APR 0 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The defendants claim that if the plaintiff is awarded "other relief" such as punitive damages, then his claim would surely exceed $75000. The plaintiff did not request punitive damages, and thus, the defendants are free to guess that "other relief" could come as an injunction or an order to publicly apologize and correct the articles- if the plaintiff were entitled to any other relief or that any would be granted anyway. Whatever the case, the plaintiff cannot use, and the court may not construe, a general, open-ended "other relief" clause in order to increase the demanded monetary damages.

The United States Supreme Court established in ***Saint Paul Mercury Indemnity Co. v. Red Cab Co.*** 303 U.S. 283 that the sum actually claimed by the plaintiff in the complaint controls the "amount in controversy" calculus.

In an attempt to defeat this, the defendants incredibly state in paragraph 5 of their removal notice that the plaintiff's "request for $74999.99 appears to be a bad faith attempt to limit Defendants' statutory right of removal." The defendants' right to removal was not considered- not even once, by the plaintiff in the preparation and filing of his complaint. Moreover, the plaintiff conferred with a legal aid from the free civil legal aid clinic and was assisted by that clinic in preparing the case. The plaintiff now understands that he would have to sue for at least $75000.01 in order to go to federal court. Notwithstanding, the plaintiff's demand must be deemed fictitious or exaggerated in order to constitute bad faith. Further, in ***Saint Paul***, supra., the U.S. Supreme Court stated that "there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court..."

Plaintiff is unable to ascertain the full import of the defendants' assertions. It is not clear to the plaintiff whether the defendants are contending that the plaintiff's claim is

2

actually worth more than demanded, or whether the plaintiff was required to or should have demanded more. The plaintiff is not an attorney and does not know or completely understand the cases or federal procedures that govern this suit. Any foul committed by setting his demand was unintentional and certainly not because the plaintiff was attempting to "scheme" or to be "disingenuous." Plaintiff's demand represents the amount calculated to remedy defendants' injury and harm to the plaintiff.

The defendants have failed to state with particularity how this case involves common issues of fact, or grows out of the same event or transaction. No other statements are subject to judicial review by this case, except Oslin's libels that the plaintiff is a "pedophile." No other people are implicated and these present defendants have not been previously brought to any court in any other action by the plaintiff because of these libels. This case does not involve a federal question or constitutional claim.

Thus, this court is without jurisdiction in this case, and must remand the case back to the Superior Court of the District of Columbia.

Respectfully Submitted

David Copeland-Jackson
Plaintiff

Certificate of Service

I certify that a true copy of this motion to remand was sent by ordinary mail with postage prepaid to: Mr. Mark I. Bailen, Counsel for the Defendants, 1050 Connecticut Avenue N.W., Suite 1100, Washington, D.C. 20036 on this 1 day of April, 2008.

David Copeland-Jackson
Plaintiff

3